UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HOWARD LEE HALL,<br><br>Plaintiff,<br><br>v.<br><br>SHERIFF,<br><br>Defendant. | CAUSE NO. 1:26-CV-529-CCB-SJF |

**OPINION AND ORDER**

Howard Lee Hall, a prisoner without a lawyer, filed a complaint and asks to proceed in forma pauperis. ECF 1 and 2. He cannot proceed in forma pauperis in this case because a prisoner may not bring a civil action or appeal in forma pauperis if he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Hall has four strikes:

> (1) *Hall v. Allen County Jail*, 1:26-cv-355 (N.D. Ind. filed July 20, 2026), dismissed August 19, 2026, under 28 U.S.C. 1915A because the amended complaint did not state a claim;
>
> (2) *Hall v. Allen County Prosecutors Office*, 1:26-cv-391 (N.D. Ind. filed August 17, 2026), dismissed September 9, 2026, under 28 U.S.C. § 1915A as frivolous;
>
> (3) *Hall v. Allen County Public Defenders Office,* 1:26-cv-403 (N.D. Ind. filed August 21, 2026), dismissed October 20, 2026, under 28 U.S.C. § 1915A because the complaint did not state a claim; and

(4) *Hall v. The State of Indiana,* 1:26-cv-477 (N.D. Ind. filed September 21, 2026), dismissed September 28, 2026, under 28 U.S.C. § 1915A as frivolous.

An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Here, Hall sues the Allen County Sheriff because he was placed in a two-man cell with two other inmates on October 13, 2026. He alleges it was unpleasant for various reasons but does not allege he suffered any physical injury. This complaint does not allege facts showing it is plausible to believe he was in imminent danger of serious physical injury when he filed this case. For these reasons, the court:

(1) **DENIES** the in forma pauperis motion (ECF 2);

(2) **ORDERS** Howard Lee Hall to pay the $405.00 filing fee by **November 13, 2026**; and

(3) **CAUTIONS** Howard Lee Hall if he does not pay the filing fee by that date, this case will be dismissed without further notice.

SO ORDERED on October 23, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT